IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | FINDINGS OF FACT, CONCLUSIONS |
| Plaintiff, ) | OF LAW AND ORDER |
| ) | |
| vs. ) | C/A No. 8:07-605 HFF |
| ) | |
| Keith Fuller, ) | |
| ) | |
| Defendant. ) | |

This action is brought by the United States of America to foreclose one real estate mortgage. Upon consideration of the Complaint of plaintiff, the Affidavit of Default and Amount Due as to Keith Fuller, I make the following Findings of Fact:

The Lis Pendens herein was filed in the Office of the Clerk of Court for Oconee County, South Carolina on March 22, 2007, in Book V, at Page 083, and defendant was duly served with a copy of the Summons and Complaint as shown by the receipt of Summons and Complaint on file herein. No answer or other defense has been filed by the defendant and default was entered on **August 1, 2007,** in the Office of the Clerk of Court, and no proceedings have been taken by the said defendant since entry of default.

On or about May 2, 1996, for value received, Keith T. Fuller made, executed and delivered to the United States of America, acting through Rural Development, United States Department of Agriculture, and its assigns, a certain mortgage note in writing

1

whereby he promised to pay the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, the principal sum of $50,280.00 with interest from date at the rate of 6.75 percent per annum on the unpaid balance until paid, payable in installments of principal and interest as therein provided, to wit:

> The sum of $318.00 on June 2, 1996, and equal and successive installments in the sum of $318.00 thereafter on the June 2, 1996 of each month until fully paid, except that if not sooner paid, the final installment would be due and payable thirty-three (33) years from the date of the aforesaid promissory note.

On or about May 2, 1996, Keith T. Fuller, in order to secure the payment of the indebtedness represented by the mortgage note described herein, and in accordance with the terms thereof, the said Keith T. Fuller executed in favor of the United States of America, acting through Rural Development, United States Department of Agriculture, and its assigns, a mortgage whereby he granted, bargained, sold and released unto the mortgagee, and its assigns, the real estate situated in the County of Oconee, State of South Carolina, to-wit:

> All that certain piece, parcel or lot of land, with improvements thereon, situate, lying and being in Tugaloo Township, Oconee County, South Carolina, being shown and designated as Lot #9, containing 0.536 acre, more or less, of Dr. John's Subdivision as shown and more fully described on a plat prepared by James G.

2

>Hart, RLS #6674, dated April 8, 1996, and recorded in Plat Book A407, Page 10, records of Oconee County, South Carolina.
>
>This being the identical property conveyed unto Keith T. Fuller by deed of G. Tom Sandifer, dated and recorded May 2, 1996, in Deed Book 861, Page 323, records of Oconee County, South Carolina.

The mortgage was duly recorded in the Office of the Clerk of Court for Oconee County, South Carolina, on May 2, l996, in Book 840, Page 287.

In said mortgage the defendant covenanted and agreed to pay promptly all installments of principal and interest as they became due according to the terms of the note aforesaid, together with annual mortgage insurance premiums, premiums on policies of fire and other hazard insurance covering the mortgaged property, plus taxes and special assessments as provided in said mortgage.

The aforesaid note and mortgage is in default and the defendant, has failed and refused to reinstate the note account to a current status, although due demand has been made upon to do so. The plaintiff has elected to declare the entire amount due upon said notes and mortgages, together with all amounts due for charges, advances, mortgage insurance, taxes and insurance premiums now due and payable.

The amount due and owing to the plaintiff herein on the note and mortgage aforesaid is the sum of $59,189.04, as of September 30, 2004, with a daily interest accrual thereafter at

the rate of $9.9206, as is shown in the Affidavit of Default and Amount Due on file herein. This loan is subject to interest credit recapture.

The plaintiff has waived claim to a deficiency judgment in this matter.

CONCLUSIONS OF LAW

I conclude that as a matter of law the plaintiff is entitled to have its mortgages foreclosed and the property therein described sold and the proceeds applied to the payment of the debt owing to the plaintiff. It is, therefore,

ORDERED: That defendant, , and all persons claiming by, through and under him be, and they are, hereby forever barred and foreclosed of all right, title, interest and equity of redemption in and to the mortgaged premises and to any part thereof, and that the said property described in the real estate mortgages be sold, subject to ad valorem taxes, by the United States Marshal for the District of South Carolina, at public sale at the Oconee County, South Carolina Courthouse on the earliest possible date, after publication of notice of sale once a week for four weeks prior to the sale in the **KEOWEE-COURIER**, a newspaper regularly issued and of general circulation in Oconee County, South Carolina, to the highest bidder for cash, the purchaser of said real estate to pay

extra for deed and revenue stamps.

The Marshal shall require the successful bidder at the sale, other than the plaintiff in this action, to deposit with him immediately thereafter cash or certified checks in the amount of five (5%) of his bid as guaranty of good faith and as security for compliance with his bid.  The plaintiff, having waived a deficiency judgment against the defendant, the bidding will not remain open for the customary period of thirty (30) days following the sale of the property.

Should any successful bidder fail to comply with his bid within ten (10) days from the date of sale, his deposit shall be forfeited, and immediately without further order, the United States Marshal shall readvertise and resell the mortgaged property on the earliest possible date thereafter, on the same terms and conditions, and at the risk of the defaulting bidder.  The plaintiff may become a purchaser at the sale or any resale.  Upon compliance by the purchaser with his bid, and with the terms of sale, the United States Marshal shall make, execute and deliver to the purchaser a good and sufficient fee simple deed of conveyance of the premises so sold, and the purchaser shall be let into the possession of the premises upon production of his deed.  All persons holding adversely to the purchaser shall be ejected by the United States Marshal.

IT IS FURTHER ORDERED:  That from the proceeds of sale,

the United States Marshal shall pay the costs and expenses of this action, the amount due the plaintiff as herein found and determined and the surplus, if any, be held pending further order of this Court.

After the sale of the premises, and as soon as the sale by the United Marshal is complete, and has been approved by the Court, the mortgagor(s), or persons(s) in possession, shall immediately move from the premises, and give up the premises, without damage or vandalism.  Upon failure of any mortgagor(s) or person(s) to vacate the premises, the Untied States Marshal or Sheriff of the county where the property is located, is authorized and empowered to enter upon the premises, and evict the parties therefrom.  The United States Marshal or Sheriff of the county where the property is located, is also authorized to remove from the premises any furniture or other possession of the mortgagor(s) or persons(s) in possession, and any interference with the activities of the Marshal or Sheriff will be upon pain of contempt of court.

                                        s/Henry F. Floyd
                                        UNITED STATES DISTRICT JUDGE

Spartanburg, S. C.

August___1___, 2007

6